**Bogatz & Associates, P.C.**
I. SCOTT BOGATZ, ESQ.
Nevada Bar No. 3367
CHARLES M. VLASIC III, ESQ.
Nevada Bar No. 11308
MICHAEL R. HOGUE, ESQ.
Nevada Bar No. 12400
3455 Cliff Shadows Parkway, Suite 110
Las Vegas, Nevada 89129
Telephone: (702) 776-7000
Facsimile: (702) 776-7900
sbogatz@isbnv.com
cvlasic@isbnv.com
mhogue@isbnv.com
*Attorneys for Farm & I-95, LLC, Stacy and Adrienne Rush, individually, and as Trustees of the Stacy and Adrienne Rush Family Trust, Stan and Susan Wasserkrug, individually and as Trustees of the Wasserkrug Family Trust, Keith Lyon, individually and as Trustee of the Keith Lyon Living Trust, and Greenstreet Properties, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FNBN CMLCON I, LLC, a Delaware limited liability company;<br><br>  Plaintiff,<br><br>vs.<br><br>FARM & I-95, LLC, a Nevada limited liability company; STACY RUSH, an individual; ADRIENNE RUSH, an individual; STACY AND ADRIENNE FAMILY TRUST u/a/d March 22, 1993; SUSAN WASSERKRUG, an individual; STANLEY WASSERKRUG, an individual; WASSERKRUG FAMILY TRUST u/a/d November 13, 2003; KEITH LYON, an individual; KEITH LYON LIVING TRUST u/a/d October 29, 2003; and GREENSTREET PROPERTIES, LLC, a Nevada limited liability company;<br><br>  Defendants, | Case No.:   2:11-cv-01584-GMN-RJJ<br><br>**STIPULATION AND JUDGMENT** |

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by and between Defendants, FARM & I-95, LLC, STACY RUSH, ADRIENNE RUSH, STACY AND ADRIENNE RUSH FAMILY

TRUST u/a/d March 22, 1993, KEITH LYON, KEITH LYON LIVING TRUST u/a/d October 29, 2003, and GREENSTREET PROPERTIES, LLC, (hereinafter sometimes collectively referred to as the "Defendants"), through the law firm of Bogatz & Associates, P.C. on the one hand, and Plaintiff FNBN CMLCON I, LLC, ("Plaintiff"), through the law firm of Woodbury, Morris & Brown on the other hand, as follows:

1. On August 23, 2007, First National Bank of Nevada ("First National") loaned Farm & I95, LLC ("Farm" or "Borrower") Seven Million Four Hundred Sixty Thousand Dollars ($7,460,000.00) ("Loan"), which Loan was to mature on August 21, 2008.

2. The Loan is evidenced by a Promissory Note dated August 23, 2007 ("Note"). The Loan is also evidenced by a Construction Loan Agreement dated August 23, 2007 (the "Loan Agreement").

3. The Loan is secured by a Commercial Security Agreement dated August 23, 2007 (the "Security Agreement").

4. The Loan is also secured by a Construction Deed of Trust from Farm, as Grantor, to First National, as Trustee, in favor of First National, as Beneficiary, dated August 27, 2007, and recorded in the Official Records of Clark County, Nevada, on August 31, 2007, as Instrument No. 20070831-0000171 (the "DOT").

5. The DOT encumbers the property commonly known as NWC of US Highway 95 and Durango Drive, Las Vegas, NV 89149, APN 125-17-301-006, and more specifically identified in the DOT's Exhibit A (the "Property").

6. The Loan is absolutely and unconditionally guaranteed by Defendant Stacy Rush pursuant to a Commercial Guaranty (the "Stacy Rush Guaranty").

7. The Loan is absolutely and unconditionally guaranteed by Defendant Adrienne Rush pursuant to a Commercial Guaranty (the "Adrienne Rush Guaranty").

8. The Loan is absolutely and unconditionally guaranteed by Defendant Stacy and Adrienne Rush Family Trust u/a/d March 22, 1993 pursuant to a Commercial Guaranty (the "Rush Trust Guaranty").

9. The Loan is absolutely and unconditionally guaranteed by Defendant Stanley Wasserkrug pursuant to a Commercial Guaranty (the "Stanley Wasserkrug Guaranty").

10. The Loan is absolutely and unconditionally guaranteed by Defendant Susan Wasserkrug pursuant to a Commercial Guaranty (the "Susan Wasserkrug Guaranty").

11. The Loan is absolutely and unconditionally guaranteed by Defendant Wasserkrug Family Trust u/a/d November 13, 2003 pursuant to a Commercial Guaranty (the "Wasserkrug Trust Guaranty").

12. The Loan is absolutely and unconditionally guaranteed by Defendant Keith Lyon pursuant to a Commercial Guaranty (the "Keith Lyon Guaranty").

13. The Loan is absolutely and unconditionally guaranteed by Defendant Keith Lyon Living Trust u/a/d October 29, 2003 pursuant to a Commercial Guaranty (the "Lyon Trust Guaranty").

14. The Loan is absolutely and unconditionally guaranteed by Defendant Greenstreet Properties, LLC pursuant to a Commercial Guaranty (the "Greenstreet Guaranty").

15. On July 25, 2008, the Office of the Comptroller of the Currency closed First National and the Federal Deposit Insurance Corporation ("FDIC") was named receiver.

16. On October 16, 2008, the FDIC and Farm entered into an Amendment to Promissory Note evidencing the FDIC's agreement to an extension of the maturity date until August 21, 2009 (the "Note Amendment").

17. On October 16, 2008, the FDIC and Farm entered into an Amendment to Construction Loan Agreement further evidencing the FDIC's agreement to an extension of the maturity date until August 21, 2009 (the "Loan Agreement Amendment").

18. The Note, Note Amendment, Loan Agreement, Loan Agreement Amendment, Security Agreement, DOT, all Guaranties, and all other documents pertaining to the Loan are collectively referred to as the "Loan Documents".

19. On March 13, 2009, the FDIC assigned First National's interest in the Note and DOT to FNBN pursuant to an Assignment of Deed of Trust (the "DOT Assignment").

20. The FDIC recorded the Assignment in the Official Records of Clark County, Nevada on April 13, 2009, as Instrument No. 20090413-0002786.

21. Plaintiff alleges that the Loan was in default based on Farm's failure to pay the Loan in full on its maturity date, which was August 21, 2009.

22. Plaintiff alleges that FNBN served notice of this default upon Farm on December 4, 2009 (the "Borrower Notice and Demand").

23. Plaintiff alleges that FNBN also served notice of this default upon each respective Guarantor on December 4, 2009 (the "Guarantor Notices and Demands").

24. Plaintiff alleges that neither Farm nor any Guarantor made any payment.

25. On November 3, 2010, FNBN caused a Substitution of Trustee to be recorded in the Official Records of Clark County, Nevada as Instrument No. 20101103-0001425 (the "Substitution").

26. On November 3, 2010, FNBN caused a Notice of Default and Election to Sell to be recorded in the Official Records of Clark County, Nevada as Instrument No. 20101103-0001426.

27. On February 25, 2010, FNBN caused a Notice of Trustee's Sale to be recorded in the Official Records of Clark County, Nevada as Instrument No. 20110225-0001430.

28. On March 29, 2011 (the "Sale Date"), the Trustee conducted a trustee's sale of the Property (the "Trustee's Sale").

29. The Trustee's Deed evidences a sale price Two Hundred Thousand Dollars ($200,000.00).

30. Plaintiff alleges that as of the Sale Date, the total amount of indebtedness outstanding under the Loan Documents and secured by the DOT was Eight Million, Six Hundred Six Thousand, Eight Hundred Eighty-Four Dollars and Fifty-Eight Cents ($8,606,884.58), which amount is comprised of the following:

    a. principal in the amount of Six Million, Six Hundred Forty-Six Thousand, Eight Hundred Eighteen Dollars and Three Cents ($6,646,818.03);

    b.    interest in the amount of Two Million, Three Hundred Ninety-Seven Thousand, Four Hundred Seventy Dollars and Thirty-Two Cents ($2,397,470.32);

    c.    property taxes in the amount of One Hundred Twenty-Seven Thousand, Fifteen Dollars and Eighty Cents ($127,015.80);

    d.    legal fees in the amount of Six Thousand, Ninety-Seven Dollars and Twenty-Two Cents ($6,097.22);

    e.    TSG Insurance in the amount of One Thousand, Two Hundred Sixty Dollars ($1,260.00); and

    f.    late charges in the amount of One Hundred Eitheen Thousand, Six Hundred Thirty-Eight Dollars and Thirty-Six Cents ($118,638.36).

31. Plaintiff alleges that this sum does not include interest accrued and fees and costs of collection incurred by FNBN subsequent to the Sale Date.

32. The Defendants have asserted various affirmative defenses against Plaintiff's claims in this Case;

33. Despite the various defenses which have been asserted by Defendants, the Defendants and Plaintiff (herein sometimes collectively referred to as the "Parties") now wish to resolve this Case by entering into the following Stipulated Judgment on Plaintiff's claims, in favor of Plaintiff and against Defendants, jointly and severally;

34. The Parties agree that this Stipulated Judgment will resolve all claims that have been or could have been brought in in this Case, and, accordingly, that this Stipulated Judgment shall be a final Judgment of all claims that have been or could have been brought in in this Case;

35. The Parties further agree that after taking into account all credits to which the Defendants are entitled, including the $200,000.00 credit bid paid by Plaintiff for the Property at the March 29, 2011 Trustee's Sale, as of January 6, 2012, the Defendants jointly and severally owe to Plaintiff the amount of $9,297,299.73; and

36. This amount will accrue interest at the rate set forth in the Note, from January 7, 2012 forward until the Judgment is satisfied in full.

Dated this 26th day of January 2012

BOGATZ & ASSOCIATES, P.C.

By: _____
I. Scott Bogatz, Esq.
Nevada Bar No. 3367
Charles M. Vlasic III, Esq.
Nevada Bar No. 11308
3455 Cliff Shadows Parkway, Suite 110
Las Vegas, Nevada 89129
*Attorneys for Farm & I-95, LLC, Stacy and Adrienne Rush, individually, and as Trustees of the Stacy and Adrienne Rush Family Trust, Stan and Susan Wasserkrug, individually, and as Trustees of the Wasserkrug Family Trust, Keith Lyon, individually, and as Trustee of the Keith Lyon Living Trust, and Greenstreet Properties, LLC*

Dated this 18th day of January 2012

WOODBURY, MORRIS & BROWN

By: _____
Rodney S. Woodbury, Esq.
Nevada Bar No. 7216
Zachariah B. Parry, Esq.
Nevada Bar. No. 11677
701 North Green Valley Parkway, Suite 110
Henderson, Nevada 89074
*Attorneys for FNBN CMLCON I, LLC*

## **JUDGMENT**

NOW, THEREFORE, based upon the foregoing Stipulation for entry of a final Judgment and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. That a final Judgment shall be entered in favor of FNBN CMLCON I, LLC ("FNBN") on FNBN's claims and against FARM & I-95, LLC, STACY RUSH, ADRIENNE RUSH, STACY AND ADRIENNE FAMILY TRUST u/a/d March 22, 1993, KEITH LYON, KEITH LYON LIVING TRUST u/a/d October 29, 2003, and GREENSTREET PROPERTIES, LLC, jointly and severally, in the sum of $9,297,299.73, as of January 6, 2012, plus reasonable attorney's fees and costs incurred in connection with collection;

2. That post-judgment interest shall accrue on the foregoing amount at the rate set forth in the Note from the date this Judgment is entered until the date this Judgment is fully satisfied;

3. That all relief not expressly granted herein is DENIED;

4. That this is a final Judgment that disposes of all claims and causes of action that have been asserted or could have been asserted by or against any Party in this Case; and

5. That this Case shall be closed.

**DATED** this 24th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge

Respectfully submitted by:

BOGATZ & ASSOCIATES, P.C.

By:_____
I. Scott Bogatz, Esq.
Nevada Bar No. 3367
Charles M. Vlasic III, Esq.
Nevada Bar No. 11308
3455 Cliff Shadows Parkway, Suite 110
Las Vegas, Nevada 89129
*Attorneys for Farm & I-95, LLC, Stacy and Adrienne Rush, individually, and as Trustees of the Stacy and Adrienne Rush Family Trust, Stan and Susan Wasserkrug, individually, and as Trustees of the Wasserkrug Family Trust, Keith Lyon, individually, and as Trustee of the Keith Lyon Living Trust, and Greenstreet Properties, LLC*